UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENJAMIN WRIGHT,<br><br>                Plaintiff,<br>   v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. 2:21-cv-00335-DGE<br><br>ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT |

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss for failure to state a claim to relief upon which relief can be granted. (Dkt. No. 5.)  In opposing the motion, Plaintiff identifies a new theory and new facts in support of the claims asserted. (*See* Dkt. No. 7.)  For the reasons stated herein, the Court DENIES the motion and grants the Plaintiff leave to file an amended complaint no later than December 23, 2021.

## II.  BACKGROUND

Defendant paid Plaintiff $50,000 personal injury protection ("PIP") insurance policy limits after Plaintiff collided with a vehicle driver's door and suffered injury while riding his

bicycle in Oregon. (Dkt. No. 1-1 at 4.) Plaintiff sued the driver of the vehicle and eventually settled his claim for $224,000. (*Id*.) Thereafter, "Allstate demanded reimbursement of the total amount of PIP benefits paid, $50,000, and insisted that plaintiff fully repay Allstate." (*Id*.) Plaintiff provided Defendant with documentation that Plaintiff was "significantly contributorily negligent in causing the accident." (*Id*.) Plaintiff asserts there was an active dispute between Plaintiff and Defendant regarding PIP reimbursement that required judicial review to resolve the dispute, and to declare the rights and obligations under the insurance policy. (Dkt. No. 1-1 at 5.) Plaintiff asserts that under Washington law the Defendant is not entitled to any reimbursement for the PIP benefits Defendant paid. (*Id*.) Alternatively, Plaintiff asserts that under Oregon Law the Defendant's right to PIP reimbursement is "diminished by the percentage of contributory negligence of the plaintiff." (*Id*.)

Plaintiff asserts the Defendant sought the unlawful reimbursement of PIP benefits by use of an intercompany arbitration procedure with State Farm, the vehicle driver's insurer, and that Plaintiff lacked the ability to meaningfully participate in that procedure. (Dkt. No. 1.1 at 5-6.)

Plaintiff asserts two causes of action. The first is identified as an Insurance Fair Conduct Act Claim. (Dkt. No. 1-1 at 7.) In support of this cause of action, Plaintiff asserts regulatory violations. (*Id*.) ("Allstate violated WAC 284-30-330(1) by misrepresenting pertinent facts"; "These acts violated WAC 284-30-330(13)"; "Allstate has compelled plaintiff to initiate the present action which is in violation of WAC 284-30-330(7).").

The second cause of action is identified as a Consumer Protection Act claim. (Dkt. No. 1-1 at 8.) In support of this cause of action, Plaintiff asserts, "He was denied fair treatment and that denial caused harm to plaintiff." (*Id.*) Plaintiff also intimated he was denied insurance

ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 2

benefits. (*Id.*) ("Washington's highest court has recognized that a denial of such insurance benefits is harm.").

In response to the present motion Plaintiff explicitly identified a different theory in support of his Insurance Fair Act Claim:

> Plaintiff contends that Allstate acted by subterfuge and artifice to seek through the back door a 100% reimbursement it was not entitled to had it come through the front door. Plaintiff need not rely on any WAC provisions adopted after IFCA was enacted. Plaintiff claims that Allstate violated the IFCA statute by denying a claim for benefits, which is prohibited by RCW 48.30.015(1) . . . [.]
>
> To be sure, the manner in which Allstate 'denied' payment of benefits was elaborate. n.3
>
> n.3 In short, Allstate's efforts to 'unpay' benefits constitute a denial of the payment of benefits.

(Dkt. No. 7 at 6.)

Plaintiff also identified that State Farm has demanded payment from Plaintiff, threatening legal enforcement of the terms of the settlement agreement. (Dkt. No. 8-10.) State Farm stated its "Demand is hereby made for payment of the $50,000 to State Farm for the benefit of Allstate, or directly to Allstate, within 30 days after the date of this letter." (*Id.* at 5.)

### III.   DISCUSSION

**1.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the

grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

**2. Argument:  Lack of Standing.**

Defendant asserts Plaintiff lacks standing because the complaint does not identify that Plaintiff paid any PIP reimbursement or established that any payment he may be required to make to State Farm is traceable to the Defendant.  (Dkt. Nos. 5 at 4; 9 at 2-4.)

To satisfy standing requirements,

> [A] plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-181 (2000).

In response to Defendant's argument, Plaintiff asserts that the facts alleged establish an "elaborate" denial of payment of PIP benefits.  (Dkt. No. 7 at 6.)  Plaintiff also has identified additional facts, including a demand letter from State Farm wherein State Farm threatens litigation and asserts the demand made is for the benefit of the Defendant and otherwise related to Defendant's prior PIP payment to Plaintiff.  (Dkt. No. 8-10 at 5.)  This new argument and additional facts, construed in Plaintiff's favor, show an imminent injury that is fairly traceable to the Defendant's actions and which would be redressed by a favorable decision.

Thus, Plaintiff now has asserted facts sufficient to establish standing.

ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 4

**3.  Argument:  Insurance Fair Conduct Act Claim Based on Regulatory Violations.**

Defendant asserts Plaintiff's Insurance Fair Conduct Act claim should be dismissed because the complaint does not allege there was a denial of benefits and otherwise alleges only that the Defendant engaged in regulatory violations.  (Dkt. No. 5 at 6-7; *see generally Perez-Crisantos v. State Farm*, 389 P.3d 476 (Wash. 2017).)  It does appear the complaint as currently drafted asserts the Insurance Fair Conduct Claim is based solely on regulatory violations.  (*See generally* Dkt. No. 1-1.)  However, Plaintiff now explicitly alleges that Defendant's conduct, when taken as a whole, is tantamount to Defendant denying PIP benefits.  (Dkt. No. 7 at 6.)  Construing the facts as alleged in Plaintiff's favor, and solely for purpose of analyzing the present motion, it is plausible that a denial of coverage is the end result of Defendant's alleged conduct.

Defendant also asserts that Plaintiff's new "unpay" theory cannot be the basis for an Insurance Fact Conduct Act claim because there is no case law supporting this theory and plaintiff lacks standing because he has yet to suffer an injury. (Dkt. 9 at 4-5.)  As noted above, when construing Plaintiff's allegations in Plaintiff's favor, Plaintiff has met standing requirements.  In addition, if, as Plaintiff asserts, Defendant's actions are tantamount to a denial of coverage, his claim is based on Wash. Rev. Cod § 48.30.015(1).[1]  Therefore, no additional legal support for Plaintiff's claim is required.

Defendant also asserts Plaintiff created his own predicament because he resolved his claim with State Farm's insured and is now trying to avoid his contractual obligation to State Farm.  (Dkt. No. 9 at 5.)  From the Defendant's perspective, this would have a chilling effect on

---

[1] The Court makes no ruling herein as to whether the Defendant's alleged conduct is in fact tantamount to a denial of coverage.  This ultimate issue would need to be reviewed at a later date once all relevant evidence is presented and thorough legal analysis is provided.

ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 5

an insurer's ability to pursue its subrogation interests. (*Id*.) The ultimate facts and circumstances surrounding the settlement between Plaintiff and State Farm's insured may very well support the Defendant's position. For now, however, the Plaintiff alleges sufficient facts to survive a 12(b)(6) motion to dismiss.

### 4. Argument: Collateral Attack on Arbitration Award Prohibited.

Defendant asserts allowing Plaintiff to proceed results in an impermissible collateral attack on an arbitration award. (Dkt. No. 5 at 5-6.) However, the legal authorities Defendant cites prohibit collateral attacks when parties contractually agree to arbitration to resolve their disputes. *See, e.g., Preston v. Ferrer*, 552 U.S. 346, 349 (1999) ("[W]hen parties agree to arbitrate all disputes arising under their contract, questions concerning the validity of the entire contract are to be resolved by the arbitrator in the first instance, not by federal or state court.")

Construing Plaintiff's factual allegations in his favor, Plaintiff asserts that under the circumstances presented he did not agree intercompany arbitration, to which he was not a party, was the proper mechanism to resolve all PIP benefit disputes between him and Defendant. (Dkt. No. 1-1 at 4) ("At the time of the dispute between plaintiff and Allstate, Allstate and plaintiff were required to utilize the courts in order to resolve disputes about the reach of the policy and the law governing it."). Thus, the legal authority on collateral attacks Defendant relies upon is inapplicable.[2]

---

[2] Both parties also raise choice of law arguments regarding the legality of intercompany arbitration between the Defendant and State Farm. However, decisions regarding choice of law are fact dependent and require thorough analysis. This type of analysis is not readily accomplished by way of a motion to dismiss. *See FutureSelect Portfolio Mgmt, Inc. v. Tremont Grp. Holdings, Inc.*, 331 P.3d 29, 36 n.12 (Wash. 2014) (Choice of law "requires a subjective analysis of objective factors. Though we hesitate to articulate any categorical rules, such an analysis does not lend itself readily to disposition on a CR 12(b)(6) motion.") Accordingly, the Court makes no ruling at this time as to which law is applicable.

ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 6

**5. Argument: Plaintiff Failed To Address Consumer Protection Act Claim.**

Defendant also asserts Plaintiff did not address the the Consumer Protection Act Claim in his opposition and reasserts that "Plaintiff cannot establish injury or causation elements necessary to establish his CPA claim." (Dkt. No. 9 at 2-3.) As noted above, Plaintiff now asserts the Defendant's conduct is tantamount to a denial of coverage that would result in imminent injury to him and that such injury is traceable to the Defendant's actions. (Dkt. No. 7 at 6.) Thus, construing these allegations in Plaintiff's favor, the Court concludes Plaintiff's new theory and facts are sufficient to survive the present 12(b)(6) motion.

**6. Leave To Amend Complaint.**

"Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and request for leave should be granted with 'extreme liberty.'" *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). In addition, "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *see also Moss*, 572 F.3d at 972; *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

Here, Plaintiff asked the Court to consider a new theory and new facts in support of his claims, which the Court will construe as a request to amend his complaint. Thus, Plaintiff will be granted leave to amend his complaint to include the new theory and additional facts provided in his opposition.[3]

---

[3] The Court notes that a motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the motion, and if the district court relies on those materials. Fed. R. Civ. P. 12(d);

## IV.    CONCLUSION

Accordingly, and having considered Defendant's Motion to Dismiss, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendant's Motion to Dismiss (Dkt. No. 5) is DENIED.

1. Plaintiff is GRANTED leave to amend his complaint consistent with the new theory and additional facts alleged in his opposition to the Defendant's motion to dismiss. The amended complaint shall be filed no later than December 23, 2021.  If Defendant deems it appropriate, Defendant may file a new 12(b)(6) motion after it receives and reviews the amended complaint.  However, the Defendant should keep in mind that some of the issues discussed in this Order require analysis of a complete factual record (such as choice of law) and should not be filed as a 12(b)(6) motion.

---

*Jackson v. S. California Gas Co.*, 881 F.2d 638, 643 n. 4 (9th Cir. 1989) ("The proper inquiry is whether the court relied on the extraneous matter.").  Failure to treat the motion as one for summary judgment would constitute reversible error.  *See Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1301 (9th Cir. 1982); *Costen v. Pauline's Sportswear, Inc.*, 391 F.2d 81, 84-85 (9th Cir. 1968).  A party that has been notified that the court is considering material beyond the pleadings has received effective notice of the conversion to summary judgment.  *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985), cert. denied, 474 U.S. 826 (1985); *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (1982).  Moreover, the fact that the Court had before it exhibits outside the pleadings can constitute constructive notice.  *See Grove, 753 F.2d at 1533* (holding that notice is given "when a party has reason to know that the court will consider matters outside the pleadings").

Because Plaintiff submitted additional materials outside of the pleadings, which the Court did consider, the issues raised in the present motion should be decided on summary judgment after the parties have had an opportunity to fully develop the record.  Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.")

ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 8

Dated this 3rd day of December, 2021.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT - 9